UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

| | |
|---|---|
| GOLDEN GATE NATIONAL | : |
| SENIOR CARE, LLC; | : |
| GGNSC MOUNT PENN, LP, *doing business as* | : |
| Golden Living Center-Reading; | : |
| GGNSC MOUNT PENN GP, LLC; | : |
| GPH MOUNT PENN, LP; | : |
| GGNSC HOLDINGS, LLC; | : |
| GGNSC EQUITY HOLDINGS, LLC; | : |
| GGNSC ADMINSTRATIVE SERVICES, LLC; | : |
| GGNSC CLINICAL SERVICES, LLC; | : |
| and GOLDEN GATE ANCILLARY, LLC, | : |
| | : |
| Petitioners, | : |
| | : |
| v. | : No. 5:16-cv-02614 |
| | : |
| BONNIE STEPHANY, *by and through her* | : |
| *attorney-in-fact*, Raymond J. Stephany, | : |
| | : |
| Respondent. | : |

———————————————————————

**<u>MEMORANDUM OPINION</u>**

**Joseph F. Leeson, Jr.**                                                    **August 3, 2016**
**United States District Judge**

**I.       Background**

        From May 6, 2014 through June 3, 2014, Respondent Bonnie Stephany was a resident at

the nursing facility known as Golden Living Center – Reading. Pet. ¶ 12, ECF No. 1. According

to Stephany, Golden Living Center and its related entities—the Petitioners here—mismanaged

the facility and failed to provide her with adequate care. *See* Pet. Ex. A, ¶¶ 36-48, ECF No. 1-1.

Stephany sought redress by filing a complaint against them in the Court of Common Pleas of

Berks County, Pennsylvania.

Petitioners contend that Stephany's claims must be resolved through arbitration pursuant to the terms of an arbitration agreement she executed when she was admitted to the facility. Pet. ¶ 19.  On May 26, 2016, they initiated this action by filing a "Petition for Order Compelling Arbitration, Staying Improperly Commenced State Court Proceedings, and Granting Declaratory Relief," seeking a declaration that Stephany's state court claims are governed by the arbitration agreement and an order enjoining her state court proceedings and compelling her to arbitrate. Then, on June 20, 2016, before any responsive pleading had been served (and well before Stephany was required to do so[1]), Petitioners filed a "Motion to Compel Arbitration and Stay State Court Proceedings" contending that judgment was warranted in their favor based solely on the pleadings.

## II.     This Court lacks subject-matter jurisdiction because Petitioners have not adequately pleaded the citizenship of one of the limited partnership Petitioners or the limited liability companies that possess a partnership interest in that entity.

A review of the Petition reveals that it fails to properly allege a basis for this Court to exercise subject-matter jurisdiction over this action. Petitioners seek relief under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Under § 4 of the Act,

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

As the text of § 4 makes clear, the Act itself "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (alterations in original) (quoting *Hall*

---

[1]     Petitioners sent Stephany a request to waive service of a summons on May 31, 2016, which she timely returned. *See* Waiver of Service, ECF No. 7. Accordingly, Stephany had until August 1, 2016, to serve a response to the Petition, *see* Fed. R. Civ. P. 4(d)(3), 6(a)(1)(C), which she did on July 29, 2016.

*Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)). Petitioners contend that 28

U.S.C. § 1332(a)(1), which endows the district courts with subject-matter jurisdiction over civil

actions between "citizens of different States," supplies that independent basis of jurisdiction.

Respondent Stephany is alleged to be a citizen of Pennsylvania. Pet. ¶ 12. Petitioners are

nine separate entities—two limited partnerships and seven limited liability companies—all of

which were allegedly formed under the laws of the State of Delaware. *See id.* ¶¶ 2-10.[2] With the

exception of Petitioner GPH Mount Penn, LP, the ownership of these entities can be traced to

Drumm Corporation, which was incorporated in Delaware and has its principal place of business

and headquarters in San Francisco, California. *See id.* ¶¶ 2-4, 6-11; 28 U.S.C. § 1332(c)(1).

The trouble lies with Petitioner GPH Mount Penn, LP, a limited partnership. According

to the Petition, this entity's sole general partner is a limited liability company called GPH Mount

Penn GP, LLC—a nonparty to this action. *Id.* ¶ 5. The "sole equity member" of that entity, in

turn, is another limited liability company called Geary Property Holdings, LLC, which,

according to the petition, is a "Limited Liability company with citizenship in Delaware and

Texas." From that, Petitioners conclude that Petitioner "GPH Mount Penn, LP is a citizen of

Delaware and Texas." However, for three separate reasons, these allegations are not sufficient to

support that conclusion.

First, the Petition fails to identify all of the partners of Petitioner GPH Mount Penn, LP.

Unincorporated associations such as limited partnerships "are not considered 'citizens' as that

term is used in the diversity statute," which means that courts must "look to the citizenship of all

the partners . . . to determine whether the federal district court has diversity jurisdiction." *Swiger*

---

[2]     The Petition omits the place of formation for the two limited partnerships, GGNSC Mount Penn, LP and
GPH Mount Penn, LP, but a search of the records made available by the State of Delaware appears to confirm that
both entities, like the limited liability companies, were formed in Delaware. *See Division of Corporations – Filing*,
Div. of Corps., Dep't of State, State of Del., http://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx
(conduct a search by inputting the name of the entity into the "Entity Name" field) (last visited Aug. 2, 2016).

*v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). Under Delaware law,[3] a limited partnership consists of two or more persons, one of which must be a general partner and one of which must be a limited partner. Del. Code Ann. tit. 6, § 17-101(9). Petitioners, however, have identified only the entity's sole general partner, which means that the identity (and citizenship) of all of the entity's partners cannot be ascertained from these allegations. *See MCF Ltd. Partners v. Seneca Specialty Ins. Co.*, No. 3:12-CV-2530, 2012 WL 6681813, at *2 (M.D. Pa. Dec. 21, 2012) (concluding that a notice of removal that "only include[d] facts about [the plaintiff's] general partner" was insufficient to establish diversity of citizenship).

Second, the Petition fails to adequately allege the citizenship of Petitioner GPH Mount Penn, LP's sole general partner: GPH Mount Penn GP, LLC. Like partnerships, "the citizenship of an LLC is determined by the citizenship of its members," *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), and "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC," *id.* (quoting *Hart v. Terminex, Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)). According to the Petition, GPH Mount Penn GP, LLC's "sole equity member" is another limited liability company, Geary Property Holdings, LLC, whose members the Petition does not identify. Petitioners offer the conclusory allegation that Geary Property Holdings is a "Delaware Limited Liability company with citizenship in Delaware and Texas," but that will not do. A limited liability company has no citizenship of its own, and without identifying the members of Geary Property Holdings and their citizenship—which may require tracing its own membership through further layers—its citizenship cannot be ascertained. *See Knop v. McMahan*, 872 F.2d 1132, 1137 (3d Cir. 1989) (requiring, *sua sponte*, a defendant who removed an action to federal court "to provide the names

---

[3]        *See supra* note 2.

and citizenship of its general and limited partners, and of those partners that were partnerships themselves"); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015).

Finally, the allegation that Geary Property Holdings is GPH Mount Penn GP, LLC's "sole *equity* member" implies that there may be other, "non-equity" members of the company (that is, members who do not have a capital interest in the company) who have not been identified. If that is so, that is another reason why the citizenship of GPH Mount Penn, LP cannot be fully ascertained from these allegations.

Because Petitioners have not adequately pleaded a basis for this Court to exercise subject-matter jurisdiction over this action, the Petition must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)) (recognizing that a "court can raise *sua sponte* subject-matter jurisdiction concerns" because subject-matter jurisdiction cannot be waived). However, Petitioners will be afforded leave to file an amended petition that properly invokes this Court's subject-matter jurisdiction.

### III.   Petitioners' Motion to Compel Arbitration was premature.

Stephany took exception to Petitioners' decision to move to compel arbitration before she had responded to the Petition, and rightfully so. Their pending "Motion to Compel Arbitration and Stay State Court Proceedings" is, in effect, a motion for judgment on the pleadings. *See* Mot. Compel 2, ECF No. 8 (contending that "this case is ready for determination at the pleadings stage and without discovery"); Pet'rs' Br. 1-2, ECF No. 8-3 (asking the Court to "resolve the Petition on the pleadings without a discovery period"). Accordingly, the Motion should not have been filed until the pleadings were closed. *See* Fed. R. Civ. P. 12(c). If Petitioners elect to file an

amended petition, and if they remain of the belief that judgment can be granted on the pleadings alone, they should not move for judgment on those pleadings until they have been closed.

**IV.     Conclusion**

The Petition for Order Compelling Arbitration, Staying Improperly Commenced State Court Proceedings, and Granting Declaratory Relief does not adequately plead a basis for this Court to exercise subject-matter jurisdiction over this action. Accordingly, the Petition is dismissed with leave for Petitioners to file an amended petition. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

6